UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61391-CIV-ZLOCH

STAINLEY ARESTIL,

    Plaintiff,

vs.                    **DEFAULT FINAL JUDGMENT**

DIER EXECUTIVE SECURITY
SERVICES, INC., and ERIC
REID,

    Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff's Verified Motion For Final Judgment By Default And Attorney's Fees And Costs (DE 10). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

By prior Order (DE 9), the Court entered Default against Defendants Dier Executive Security Services, Inc., and Eric Reid (hereinafter "Defendants"), and ordered Plaintiff to file a Motion For Default Final Judgment. Plaintiff now moves for Final Judgment against Defendant. DE 10.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by Defendants by virtue of the Default entered against them. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, the following facts are admitted: Defendant Dier Executive Services, Inc., is covered by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter "FLSA"), it employed Plaintiff, and willfully

failed to comply with the FLSA for one or more work weeks by failing to pay wages owed to Plaintiff.

The Affidavit Of Stainley Arestil (DE 10-1), attached to the instant Motion, establishes that Plaintiff was employed by Defendants, from approximately September 6, 2014, through approximately September 19, 2014.  During this time, he worked a total of 82.0 hours—36.0 hours for the period of September 6 through September 12, 2014, and 46.0 hours for the period of September 13 through September 19, 2014.  Id.  Plaintiff asserts that he was not compensated at all for that time period.  Id.

Under the FLSA, Plaintiff is entitled to an hourly rate of $7.79, the minimum wage rate of the State of Florida in 2014.  The Court finds that Plaintiff Stainley Arestil is owed $7.79 for 76.0 hours of work, for a total of $560.88 ($7.79 x 76.0 hours).  Additionally, Plaintiff claims to have worked six (6) hours of overtime, for which he was unpaid.  For the six (6) unpaid overtime hours worked, Plaintiff is entitled to and shall recover $94.50, calculated at $15.75 per hour, the overtime rate of time-and-one-half his regular rate of $10.50.  The total Plaintiff is owed for unpaid wages is $655.38.  Thus, Plaintiff's actual damages total is $655.38.  He is also entitled to an equal amount in liquidated damages, for a total recovery of $1310.76.

Plaintiff also seeks to recover his reasonable attorney's fees for the successful prosecution of this action.  While the award of

attorney's fees is mandatory under FLSA, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further, it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here, the Court is satisfied that a reasonable rate for Elliot A. Kozolchyk, Esq., is $300.00 per hour. In particular, the Court has considered the attorney's experience and the time, labor, and expertise that this case required.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

Plaintiff's Time Sheets (DE 10-2) reflect that Mr. Kozolchyk expended 7.8 hours in the successful prosecution of this action. The Court finds that this to be a reasonable amount of time spent on the above-styled cause. Therefore, Plaintiff shall recover a total $2,340.00 ($300 x 7.8) in attorney's fees.

In addition to attorney's fees, the Court may, in its

4

discretion, allow the prevailing party litigation costs and expenses as part of an award of attorney's fees. See 42 U.S.C. § 12205. Plaintiff's Motion (DE 11) seeks $487.00 in costs, including filing fees and the fees associated with effecting service of process on Defendants, which the Court finds to be reasonable and allowable under 42 U.S.C. § 12205. Therefore, the Court shall award Plaintiff costs in the amount of $487.00.

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. The Court has personal jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff's Verified Motion For Final Judgment By Default And Attorney's Fees And Costs (DE 10) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Stainley Arestil and against Defendants Dier Exceutive Security Services, Inc., and Eric Reid upon the Complaint (DE 1) filed herein;

4. Plaintiff Stainley Arestil does have and recover from Defendants the sum of $1310.76, together with interest thereon from the date of this Default Final Judgment at the rate of 0.71% per annum, for all of which let execution issue;

5. Plaintiff Stainley Arestil does have and recover from Defendants, the sum of $2340.00 in attorney's fees and $487.00 in

5

costs incurred in this action, for all of which let execution issue;

6. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot; and

7. The Court will retain jurisdiction over the above-styled cause solely for the purpose of enforcing this Default Final Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   18th   day of December, 2015.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Dier Executive Services, Inc.
Attn: Eric Reid
9382 NW 54th Street
Sunrise, FL 33351

Eric Reid
2331 N. State Road 7, Unit 217
Lauderhill, FL 33313